## STANDARD BREWERY COMPANY *v.* INTERBORO BREWING COMPANY.

---

### TRADEMARKS.

A registered trademark cannot be properly canceled by the Commissioner of Patents on an application of a party who has no right to use the mark, but who shows that a third party has a right to its use superior to that of the registrant. (Construing sec. 13 of the trademark act of Congress of February 20, 1905, 33 Stat. at L. 724, chap. 592, and distinguishing *McIlhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337.)

Vol. XLIV.—13.

No. 972.  Patent Appeals.  Submitted November 8, 1915.  Decided November 29, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents, granting an application for the cancelation of a registered trademark.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal [by the Standard Brewery Company of Baltimore City] from a final decision of the Patent Office sustaining appellee's application for the cancelation of appellant's registered trademark "Bismark" for beer.

In its application for cancelation appellee, Interboro Brewing Company, alleges that it has adopted for use and has used upon bottled beer in interstate commerce this mark, but it does not aver that its date of adoption antedates that of appellant.  It does aver, however, that the Massachusetts Breweries Company, a third party, has a right to said trademark superior to that of appellant.  The Patent Office tribunals, upon the showing made by appellee as to the superior right to this mark of said third party, the Massachusetts Breweries Company, sustained the application of appellee.

*Mr. Archibald Cox, Mr. Robert W. Byerly,* and *Mr. E. Walton Brewington* for the appellant.

*Mr. Melville Church* and *Mr. W. H. Small* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court.

Section 13 of the trademark act of Feb. 20, 1905 (33 Stat. 724, chap. 592), authorizes any person who may deem himself injured by the registration of a trademark to apply to the Commissioner of Patents to cancel such registration.  In *McIlhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337, we ruled that the right of a party to file such a

petition is dependent upon a showing of interest, and that his petition must contain a statement of fact on this jurisdictional question. There the petition failed to state the use of the mark upon goods of the same descriptive properties as those to which the registrant had applied it. Here, while the petition does contain this averment, it would be fatally defective without the additional averment as to use by a third party, for the reason that the petition does not aver that, as between the registrant and appellant, appellant was the first to adopt and use the trademark. The question presented, therefore, is whether the statute contemplates that a party who, upon his own showing, has no right to the use of a trademark, may nevertheless prosecute in the Patent Office an application for the cancelation of such trademark. We must answer this question in the negative. An application for the registration of a trademark must follow the procedure prescribed by law and the rules of the Patent Office. The Commissioner of Patents represents the public, and where in due course an application has been granted and a trademark registered, the Commissioner may assume that if any person has a superior right to the use of the mark he will invoke the provisions of section 13 of the trademark act, to the end that the registration may be canceled. We do not think the statute contemplates that a mere interloper may invoke its provisions. The statute was intended as a shield to the innocent, rather than as a foil to the guilty. The appellee, on its own showing, has no right whatever to the use of this trademark. How, then, can it be injured by its registration by the appellant? It is not concerned with the question whether the appellant's right to the mark is superior to that of the third party. If that party deems itself injured by the registration it may invoke the provisions of this statute, but certainly an interloper and wrongdoer has no standing to invoke it. Appellee's petition, therefore, should have been dismissed.

The decision of the Patent Office is reversed. *Reversed.*